1
2
3

Alan M. Mansfield, SBN: 125998
WHATLEY KALLAS, LLP
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Phone: (619) 308-5034
Email: amansfield@whatleykallas.com

4

*Attorney for Plaintiff*

5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN JOSE DIVISION**

| | |
|---|---|
| EMILIO POUSA, both individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC.; and DOES 1-10,<br><br>                    Defendants. | CASE NO.: _____<br><br><u>CLASS ACTION COMPLAINT FOR:</u><br><br>1) BREACH OF CONTRACT;<br><br>2) BREACH OF EXPRESS WARRANTIES;<br><br>3) BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE;<br><br>4) VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.<br><br>5) COMMON COUNTS (ALTERNATIVE CLAIM)<br><br><u>DEMAND FOR JURY TRIAL ON ALL CLAIMS SO TRIABLE</u> |

Plaintiff  Emilio Pousa ("Plaintiff"), on behalf of himself and all others similarly situated, hereby files this Class Action Complaint against Defendants Western Digital Technologies, Inc. and DOES 1-10 (collectively "Defendants" or "Western Digital"), and alleges as follows on information and belief (except for information as to Plaintiff identified herein as being based on personal knowledge), which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery:

1

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.    This Court has personal jurisdiction over Defendants because Defendants are based in California, have sufficient minimum contacts with California, either directly or through their subsidiaries, and/or have otherwise purposely availed themselves of the markets in California through the promotion, marketing, and sale of their products and services in California, for distribution both throughout and from California, and are otherwise based here, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendants maintain substantial operations in this District and are based here, many Class members either reside or engaged in transactions in this District, Defendants engaged in business and made representations in this District, and a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## PARTIES

4.    On personal knowledge, Plaintiff Emilio Pousa is a citizen of California and resides in Los Angeles County. Plaintiff purchased two Western Digital SanDisk Extreme pro SSDs V2 4TB and two V1 4TB Extreme Pro SSD portable solid-state hard drives ("SSDs") for a sum certain of $1,399. 50 plus tax in December 2022 from Defendants' authorized retailer B&H Photo.  These SSDs are now essentially worthless to him since, for the reasons detailed below, the drives failed and/or Plaintiff can no longer trust using the drives. He cannot return the drives for a full refund, and has expended money to either retrieve lost data and/or to obtain a replacement hard drive as well as suffered other damages. A material factor in Plaintiff deciding to purchase these solid-state hard drives

at the prices he did was for the essential purpose and core functionality of solid-state hard drives – to safely and reliably store, save and retain data so that such data can be retrieved for later use.  Plaintiff previously contacted Defendants about the ability of Plaintiff to obtain compensation for his losses. Defendants have so far failed to do so.

5.     Defendant Western Digital is a corporation organized and existing under the laws of the State of California and whose principal place of business and headquarters is in the State of California and this District. Western Digital is engaged in the business of designing, manufacturing, selling and/or distributing solid-state hard drives, including the SanDisk Extreme Pro SSD portable solid-state hard drives at issue here. It is the parent company for SanDisk and the warrantor of the devices at issue. Defendants develop and ship their products to purchasers, resellers and distributors in and from California, maintain a sales force and customer service department in California, sell their products through retail outlets in California, and create the website, specifications, advertisements and reviewers' guides referring to their products in and/or disseminate them from California.

6.     The true and precise names, roles and capacities of Defendants named as Does 1 through 10, inclusive, are currently unknown to Plaintiff and, therefore, are designated and named as Defendants under fictitious names. Plaintiff will identify their true identities and their involvement in the wrongdoing at issue if and when they become known.

7.     Defendants' conduct described herein was undertaken or authorized by officers or managing agents who were responsible for supervision and operations decisions relating to the design, manufacture, distribution, marketing, advertising and/or sale by Defendants of the Western Digital SanDisk Extreme Pro SSD portable solid-state hard drives here at issue. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, distributing and/or selling, either directly or indirectly through third parties and authorized resellers or agents, these series of SanDisk Extreme Pro SSD portable solid-state hard drives throughout and from California. The

described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants in substantial part in and from California. Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and/or approved by Defendants and/or their managing agents.

8.    Each of the above-named Defendants acted in concert and both aided and abetted and conspired with each other to either misrepresent or not disclose the material facts stated herein, with such conduct authorized and/or acted on by and through their officers, employees, agents, servants, and/or representatives.

9.    Each reference made in this Complaint to any corporate Defendant in this Complaint includes its predecessors, successors, parents, subsidiaries, affiliates, and divisions of the corporation for the corresponding time period in any way involved in the design, manufacture, promotion, distribution and/or sale of these solid-state hard drives.

## SUMMARY OF FACTS

10.    This is a class action lawsuit brought on behalf of individuals who purchased the 500GB, 1terabyte ("1 TB"), 2 terabyte ("2TB") or 4 terabyte ("4TB") versions of the SanDisk Extreme Pro SSD line of portable solid-state hard drives designed, manufactured, distributed, promoted and/or sold by Defendants, including the SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and WD MyPassport SSD models (hereinafter collectively referred to herein as the "Extreme Pro SSD hard drives").[1] SanDisk Extreme Pro SSD hard drives are portable solid-state drives ("SSDs") that offer high-speed data transfer and storage.

11.    Despite Defendants' representations to the contrary, based on a latent defect in manufacturing and/or design that was not reasonably discoverable by Plaintiff and Class members at time of purchase, the SanDisk Extreme Pro SSD portable solid-state hard drives do not function as reasonably expected. The SanDisk Extreme Pro SSD hard drives,

---

[1]    Plaintiff reserves the right to add additional models as investigation and discovery progresses.

CLASS ACTION COMPLAINT

which are also sold under the WD MyPassport brand, have either a manufacturing defect or firmware issue (or both) that causes them to disconnect or become unreadable by computers. Without warning these hard drives have wiped out or lost data stored on them, making the files stored on them unable to be accessed and users unable or unwilling to use these drives out of the reasonable concern such data will be lost forever or cost hundreds if not thousands of dollars to recover.

12.    This is not an isolated incident. Numerous individuals have publicly complained of data being wiped out with no action on the part of Class members that resulted in this data being wiped out; their computers not be able to access these hard drives when they are plugged in; and/or concerns their businesses will be impacted if the defect manifests, requiring them to spend significant additional time and resources to prevent such a potential from taking place.

13.    As part of Western Digital's marketing scheme, promotion and advertising for the Extreme Pro SSD hard drives, Western Digital uniformly stated through their website, reviewers' guides, product labeling, packaging and associated documentation, advertising and/or user fora that the Extreme Pro SSD hard drives were fit for their intended purpose of storing and saving data for later retrieval. Western Digital has made representations on its website about these products such as, for example, that "From the brand trusted by professional photographers worldwide, the SanDisk Extreme PRO Portable SSD provides powerful solid state performance in a rugged, dependable storage solution", and "Get powerful NVMe™ solid state performance featuring 2000MB/s2 read/write speeds in a portable drive that's reliable enough to take on any adventure".[2] Defendants' marketing of these hard drives thus was intended to and did create the reasonable expectation among purchasers that these Extreme Pro SSD hard drives were, in fact, able to conform with these specifications.

14.    Western Digital in promoting these SanDisk Extreme Pro SSD portable solid-

---

[2] https://www.westerndigital.com/products/portable-drives/sandisk-extreme-pro-usb-3-2-ssd#SDSSDE81-1T00-G25 (last accessed August 19, 2023).

CLASS ACTION COMPLAINT

state hard drives focused on their excellence and reliability. However, Because of limitations inherent in their manufacture and/or design, Western Digital SanDisk Extreme Pro SSD portable solid-state hard drives suffer or are likely to suffer during their useful lifetime from this inherent defect of being unable to be detected by computers and/or wiping out data without warning. Class members were also exposed to these and other similar representations or omissions of material fact, which were consistently made either directly or indirectly by Defendants.

15. On personal knowledge, Plaintiff is a professional photographer/videographer who works in the film and commercial industry, and thus needs and relies on multiple SSDs to ensure his work is safely retained. In or about December 2022, these drives failed shortly following their first use by Plaintiff. Plaintiff was filming a commercial for a client and lost all of the footage he saved on those SSDs and thus was unable to timely provide such footage, to his detriment.  He purchased and tried using Disk Drill and Disk Warrior recovery software, which each cost him approximately $50, but both were unsuccessful recovering such data. Plaintiff demanded a full refund and sent these SSDs to Western Digital in or about January 2023.  They refused to provide him a full refund.  While Defendants have claimed they will send Plaintiff replacement SSDs, despite repeated requests for the past eight months he has still not received any replacement drives from Defendants. Thus, despite several demands therefor he has received neither refunds or replacement drives from Defendants. As he can no longer rely on these SSDs he has also been forced to pay money for replacement drives manufactured by Samsung, spending at least an additional $1,400 for these replacement drives, even though they do not possess the same characteristics as the Western Digital drives he purchased, and is concerned he may lose clients and/or future business from those clients as a result of the failure of these SSDs and the resulting loss of data that has already manifested.

16. Before purchasing Western Digital SanDisk Extreme Pro SSD portable solid-state hard drives, Plaintiff was exposed to, reviewed, read and/or saw materials that

referenced either generally or specifically the basic characteristics of these hard drives to store and retrieve data. This promise is expressly part of the basis of the bargain between the parties. Plaintiff based his decision to purchase these SanDisk Extreme Pro SSD portable solid-state hard drives in substantial part upon the accuracy of such material representations and omissions of material fact to the contrary.

17.    Plaintiff has suffered a loss of money or property and suffered damage as a result of Defendants' illegal practices. Plaintiff purchased a SanDisk solid- state hard drive for which he overpaid and that he considers worthless and unusable as it was not provided in accordance with the benefit of the promised bargain by Defendants, and for which he had to expend money to attempt to repair the devices and/or replace them with other devices for which he has not been compensated or received suitable replacements. Plaintiff would not have purchased the solid-state hard drive at the prices he did have the true facts stated herein been timely disclosed by Defendants. Plaintiff has now purchased disc recovery software and other solid-state hard drives and spent significantly more money in order to obtain the benefit of his original bargain and was unable to timely provide services he was paid to provide. Plaintiff has also spent considerable time and resources attempting to resolve these issues without the need to seek court intervention, without success.

18.    Class members have widely reported drive failures and data loss using the SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and WD MyPassport SSD portable solid-state hard drives. Users of these hard drives have reported that when they plug in these portable hard drives they receive the following message: "The disk you attached was not readable by this computer." They did not receive the benefit of their bargain in receiving the product they paid for in terms of not possessing the basic characteristics set forth above.

19.    Defendants have made material representations and omissions of material facts, both to Plaintiff and presumptively to members of the Class, about the basic functionality of these SanDisk Extreme Pro SSD portable solid-state hard drives. The ability of these drives to save, store and retrieve data was not in fact true and/or Defendants

omitted material facts to the contrary.

20.    Defendants concealed material facts concerning the truth about the SanDisk Extreme Pro SSD portable solid-state hard drives' capabilities to store, access and retrieve data, or the inability to consistently do so. Defendants uniformly failed to disclose latent defects in the SanDisk Extreme Pro SSD portable solid-state hard drives, despite likely having evidence to the contrary in their exclusive possession and control during all or a majority of the time they were offering these hard drives to the public.

21.    A series of SanDisk Extreme Pro SSD portable solid-state hard drives thus do not conform with their core functionality, as well as Western Digital's basic promise that the hard drives they sell will do what they are supposed to do– store data safely for later access.

22.    Defendants' misrepresentations and omissions of material fact alleged herein are the type that would be material to typical product purchasers, including Plaintiff, because a reasonable person interested in purchasing these types of portable hard drives would attach importance to knowing they would function for their essential purpose. Portable hard drives that delete data or cannot be accessed without warning would be a material factor to Class members, and was a material factor considered by Plaintiff. Class members and Plaintiff thus would be induced to act, and were induced to act, positively on the representations and omissions of material facts in Defendants' possession to the contrary in making their purchase decisions, at least in material part. The affirmative misstatements made either directly or indirectly by Defendants, and Defendants' uniform omission of the material facts set forth above, were likely to be and/or are material and misleading to reasonable individuals targeted by Defendants into purchasing these SanDisk Extreme Pro SSD portable solid-state hard drives.

23.    Plaintiff and Class members were exposed to Defendants' misrepresentations and omissions of material fact and purchased at least one SanDisk Extreme Pro SSD portable solid-state hard drive. As they purchased these devices at the prices they did in substantial part based on the false belief that these hard drives would function and not

delete data without warning, such claims were a substantial factor in the decisions of Plaintiff and other Class members to do so at the prices they paid. Plaintiff and the Class members were thus sold products that do not perform or possess the basic capabilities, uses or benefits advertised and represented, contained a latent design or manufacturing defect that prevents these SanDisk Extreme Pro SSD portable solid-state hard drives from operating as intended, and are effectively worthless to them.

24.    Considering the targeted demographic for these devices, Defendants have put Plaintiff and Class members into an impossible situation. Either they must use these drives knowing the drives may lose data without warning that cannot be re-created, and all Defendants will do if that happens is provide them a replacement device, or they are forced to buy another drive that Defendants will refuse to compensate them for because their original drive has not failed, even though can no longer trust it to do what they purchased it for in the first place. For Class members, this drive is effectively worthless, entitling them to a full refund of the amounts they paid for their SanDisk Extreme Pro SSD portable solid-state hard drives and any additional damages they may have incurred as a result of such purchase and/or use.

25.    Class members were uniformly exposed to Defendants' marketing scheme and paid a premium for these SanDisk Extreme Pro SSD portable solid-state hard drives. Because the claims at issue were included in advertisements, marketing, reviewer's guides, labelling, packaging, documents and/or agreements accompanying these SanDisk Extreme Pro SSD portable solid-state hard drives, a reasonable person would likely be misled into believing these hard drives were capable of safely storing and retrieving data saved on them, when that was not in fact the case.

26.    Defendants thus engaged in a scheme to mislead consumers about the characteristics, qualities, uses and benefits of the SanDisk Extreme Pro SSD portable solid-state hard drives. Plaintiff and/or the Class members suffered damage, injury and/or a loss of money or property as a result of such conduct.

27.    Western Digital is aware of this issue. Defendants either have known or

should have known about the existence of this defect for months through product testing prior to release. In addition, after initial reports of hard drive failure and data loss associated with these drives, Defendants admitted generally to a problem with the drives' firmware. According to SanDisk, one issue is caused by a bug in the firmware version R332G190 that was released in July 2023. This bug affects some SanDisk Extreme and SanDisk Extreme PRO SSDs with capacities of 500GB, 1TB, and 2TB. The bug can cause the drive to enter a read-only mode, which means that the user cannot write any new data to the drive or delete any existing data. The bug can also cause the drive to become undetected by the computer or show an incorrect capacity. Defendants also issued a firmware fix for a variety of drives they manufacture, including the SanDisk Extreme Pro SSD, in late May 2023 [https://support-en.wd.com/app/firmwareupdate], and sent out replacement drives to some consumers in June 2023. This firmware update supposedly was intended to stop the 2TB and 4TB models of these drives from wiping data on the hard drive. Yet according to reports from individuals who installed this fix, this firmware fix is not stopping this defect from taking place, as there are reports of this defect manifesting in SanDisk Extreme Portable SSD V2, SanDisk Extreme Pro Portable SSD V2, and WD My Passport SSD hard drives even after this firmware fix.

28.    Not only are these errors being recently reported by a number of users of these portable hard drives, but users also are reporting manifestation of this defect even on replacement hard drives distributed by Western Digital just a couple of months ago to replace allegedly defective hard drives that had been previously sold and had failed.

29.    According to reports of calls by customers to SanDisk customer support, some of these SSD hard drives cannot be replaced because, according to customer support, the 4TB models of the SanDisk Extreme Pro SSD were being recalled. However, there is no evidence that Western Digital is actively engaged in a widely announced product recall for these hard drives.

30.    Such conduct is on-going. As of now, Western Digital is not warning customers and retailers who have already purchased these drives or may purchase these

drives in the future that significant data loss is possible, how these drives are defective and the causes of the defects, why the firmware fix is not resolving the issue and whether hard drives currently for sale in the market have the same unremedied defect.

31.    Western Digital is not even presently acknowledging this issue exists. Western Digital recently admitted in or about June 2023 on its website and user fora that "We have identified a firmware issue that presents itself in very limited situations and can cause SanDisk Extreme Portable SSD V2, SanDisk Extreme Pro Portable SSD V2, and WD My Passport SSD products to unexpectedly disconnect from a computer".[3] However, this admission is misleading as this is not what, in fact, happens. It is not simply a connection issue – data is being lost without warning, and hundreds of Class members are reporting an inability to access and retrieve data they have stored on their devices or that such data is missing. This representation by Defendants is thus misleading as it is fundamentally different than not disclosing to users they may lose data entirely through no fault of their own and without warning. Western Digital's "admission" misleads and induces or is likely to induce Class members when deciding to either continue to use the devices or buy the defective drives into believing they understand the nature of defect and the risk that defect represents, when, in fact, they do not.

32.    Despite being aware of the actual specifications of the SanDisk Extreme Pro SSD portable solid-state hard drives and the latent defects described above, Defendants advertised, marketed, distributed and/or sold the SanDisk Extreme Pro SSD portable solid-state hard drives to Plaintiff and Class members by advertising characteristics, uses and benefits that were false, misleading, and/or likely to mislead them, and sold SanDisk Extreme Pro SSD portable solid-state hard drives that contained a latent design and/or manufacturing defect that prevented Defendants from being able to comply with their prior representations, commitments, warranties and promises. At or about the time Defendants were selling these SanDisk Extreme Pro SSD portable solid-state hard drives to Plaintiff

---

[3] https://www.westerndigital.com/products/portable-drives/sandisk-extreme-pro-usb-3-2-ssd#SDSSDE81-1T00-G25 (last accessed Aug. 19, 2023).

CLASS ACTION COMPLAINT

and Class members, Defendants would have had access to the internal technical specifications for these hard drives that should have revealed the existence of this defect. Far from being unforeseen, Defendants in all likelihood would have had information in their possession for either all or a large part of the time they were selling these SanDisk Extreme Pro SSD portable solid-state hard drives that they contained the material defect described above, and thus omitted material facts to the contrary in their possession and not generally available to the public. Defendants have failed to engage in a corrective advertising campaign to correct the public misperceptions created by their original conduct, nor made any significant effort to withdraw or correct these representations.

33.    These SanDisk Extreme Pro SSD portable solid-state hard drives are marketed without either affirmatively disclosing these material limitations or having engaged in a corrective promotional campaign to correct their previous misstatements. While Western Digital offered to replace certain of these hard drives that have been compromised and manifested this defect, they are only offering replacement drives, which may be used and have been reported to have the same issue. Defendants are presently not offering refunds, repayment of the costs to consumers to hire a company to perform data recovery services for lost data or purchase replacement back-up drives, payment for time lost attempting to recover lost data or re-input it, lost business, or other costs experienced by Class members who have had this defect manifest. Nor are they offering refunds to those consumers who are concerned such a defect will manifest in the future and can no longer trust their SSD hard drive from failing, making their SanDisk Extreme Pro SSD portable solid-state hard drives effectively worthless to them.

34.    Plaintiff and others have previously made demands to Western Digital asking Defendants to offer an appropriate refund, replacement or other remedy and/or provide notice to all affected Class members to correct this problem and make their customers whole. Western Digital has so far failed and refused to fully remediate this issue to ensure Class members receive the full benefit of their bargain despite demand therefor being made on behalf of Plaintiff and Class members, thus making any further demands futile

CLASS ACTION COMPLAINT

and necessitating this action.

35.    While Plaintiff is now aware of the misleading nature of Defendants' current advertising, he would consider ordering and using SanDisk Extreme Pro SSD portable solid-state hard drives in the future if, in fact, Defendants disclosed truthful information about these devices and actually fixed the latent defect causing the problems at issue here. Defendants have yet to change their labeling and advertising practices, or improve the SanDisk Extreme Pro SSD portable solid-state hard drives to conform to their advertising claims. Given Defendants' ongoing business acts and practices, Plaintiff will be unable to rely on such advertising or labeling in the future, and so will not purchase these products although he would like to.

36.    Plaintiff has standing to seek injunctive relief and seeks damages, injunctive and equitable relief, attorneys' fees and costs and all other relief as permitted by law on behalf of himself and all others similarly situated, as applicable to the causes of action set forth herein.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on behalf of a proposed class ("Class"), defined as follows:

> All persons in the United States who purchased a SanDisk Extreme Pro SSD portable solid-state hard drive, including the SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and WD MyPassport SSD models, at retail since at least January 2022.

Excluded from the Class definition are the following individuals or entities:

(a)    All assigned judicial officers, staff and their families;

(b)    Retailer purchasers of these devices who obtained them for purposes of resale or distribution; and

(c)    Defendants and any of their officers, directors, and employees.

38.    This action is brought and may properly be maintained as a class action as this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and/or superiority requirements for proceeding on a class-wide basis.

39.     The Class is so numerous that the individual joinder of all members is impracticable. The exact number of Class members is currently unknown and can only be ascertained through appropriate discovery. Plaintiff believes that the Class includes tens if not hundreds of thousands of individuals.

40.     Common legal and factual questions exist and predominate over any questions affecting only individual Class members. These common questions, which do not vary among Class members and which may be determined without reference to Class member's individual circumstances, include, but are not limited to:

(a)     Whether Defendants' representations regarding the SanDisk Extreme Pro SSD portable solid-state hard drives were false or misleading or reasonably likely to deceive customers targeted by such statements;

(b)     Whether Defendants breached both express and implied warranties;

(c)     Whether Defendants' failure to disclose that the SanDisk Extreme Pro SSD portable solid-state hard drives did not perform as advertised was material and would be likely to mislead a reasonable consumer;

(d)     Whether the SanDisk Extreme Pro SSD portable solid-state hard drives perform as advertised and represented in terms of their upgrade capabilities;

(e)     Whether Defendants entered into and breached applicable agreements or warranties that are either express or implied by law or equity;

(f)     Whether Defendants engaged in unfair, unlawful, and/or fraudulent business practices or false or misleading advertising regarding the SanDisk Extreme Pro SSD portable solid-state hard drives in violation of Cal. Bus. & Prof. Code § 17200 and § 17500, et seq. and the other laws stated herein;

(g)     Whether Plaintiff and the Class have been injured by the wrongs complained of herein, and whether Plaintiff and the Class are entitled to monetary, injunctive and/or other equitable relief, including damages, restitution, disgorgement or other applicable remedies, and if so, the nature and amount of such relief.

41.     Based on the allegations set forth above, Plaintiff's claims are typical of the

Class members' claims. Defendants' common course of conduct caused Plaintiff and Class members similar types of harm. Likewise, Plaintiff and other Class members can prove the same common nucleus of operative facts in order to establish Defendants' liability for the same claims.

42.    Plaintiff and his counsel are adequate Class representatives. Their interests do not irreconcilably conflict with other Class members' interests. Plaintiff has retained counsel competent and experienced in consumer protection class actions, and they intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect the Class members' interests.

43.    Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation and would provide substantial benefits to members of the Class because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford to bring individual actions, the court system could not as it would be unduly burdensome for thousands of individual cases to proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court and thus is manageable.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Breach of Contract**

45.    Plaintiff, individually and on behalf of the Class, incorporates by reference

15

all of the allegations contained in the preceding paragraphs of this Complaint.

46.    By virtue of the written materials accompanying the SanDisk Extreme Pro SSD portable solid-state hard drives, as well as product advertising that Plaintiff and Class members were exposed to and which were directed to the Class members, Western Digital expressly extended an offer to Plaintiff and Class members and agreed that these SanDisk Extreme Pro SSD portable solid-state hard drives would perform in accordance with their essential purpose of safely saving and later retrieving data without risk of loss without warning.

47.    In terms of product advertising, these statements and claims constituted a specific offer, as it invited performance of a specific act or taking a particular action (e.g., purchase of the SanDisk Extreme Pro SSD portable solid-state hard drives in question) without further communication and leaving nothing for negotiation. In making such offers and statements, Defendants in clear and positive terms promised to provide to Plaintiff and Class members SanDisk Extreme Pro SSD portable solid-state hard drives that would perform their essential function.

48.    Plaintiff and Class members were exposed to this offer and in response accepted it and paid consideration therefor, thus performing their part of the contract, and concluding the parties' bargain to purchase and sell SanDisk Extreme Pro SSD portable solid-state hard drives.  Defendants sold SanDisk Extreme Pro SSD portable solid-state hard drives directly to consumers through website and/or by linking directly from their websites to retailer sites for the purchase of these products. In addition, as set forth above, both in terms of product advertising and promotional statements and publications for re-publication to Plaintiff and the Class, Defendants made direct offers to Plaintiff and Class members that promised the specific characteristic of the SanDisk Extreme Pro SSD portable solid-state hard drives performing in accordance with their basic function. In addition, to the extent the SanDisk Extreme Pro SSD portable solid-state hard drives were purchased by consumers from authorized retailers and agents and not through a link on the Western Digital website, the retail sellers of these goods were not intended by

CLASS ACTION COMPLAINT

Defendants to be the ultimate consumers of the SanDisk Extreme Pro SSD portable solid-state hard drives and were merely a pass-through entity. Plaintiff and Class members were the intended, ultimate users of the SanDisk Extreme Pro SSD portable solid-state hard drives, as such statements on product packaging, labeling and advertising would be of no benefit or relevance to the retailers. As such, any agreements for the sale of the SanDisk Extreme Pro SSD portable solid-state hard drives, to the extent found to be not directly entered into between Defendants and Plaintiff and Class members, were designed for and intended to expressly benefit the ultimate users only as the beneficiaries of these promises by Western Digital. Thus, as any agreements regarding the purchase and sale of the SanDisk Extreme Pro SSD portable solid-state hard drives were intended to benefit the ultimate consumers and not the retailers, Plaintiff and Class members are the intended rather than incidental third-party beneficiaries of such agreements as the ultimate purchasers and users of these products.

49.     As set forth in detail above, Defendants have breached these agreements as they are unable or unwilling to honor such agreements. Plaintiff and Class members thus are unable to receive the benefit of their bargain.

50.     Defendants are not relieved of their contractual obligations because of their alleged inability to resolve this issue, and their failure to do so does not excuse the nonperformance of a contract. Moreover, performance of this contractual commitment is possible by Defendants providing a replacement non-defective SanDisk Extreme Pro SSD portable solid-state hard drive to Plaintiff and Class members at no added cost, along with appropriate compensation for additional expenditures of time and money and damages occasioned by the presence of this defect. Since such performance is not inherently impossible, and there was an unconditional promise and offer to perform made by Defendants as set forth above that was accepted by Plaintiff and Class members, Defendants' non-performance is a breach even though the appropriate remedy is within their control (i.e., replacing a nonconforming product with a conforming one at no additional cost, or offering full refunds to Plaintiff and Class members in additional to

payment of damages).

51.     As a result of this breach, Plaintiff and Class members have been damaged. They are entitled to a SanDisk Extreme Pro SSD portable solid-state hard drive that actually conforms with Defendants' original agreements at no additional cost, be given the ability to return their SanDisk Extreme Pro SSD portable solid-state hard drives for a full refund, and/or or are entitled to damages to compensate them for any losses they suffered as a result of this breach, including but not limited to for the data being wiped out with no action on the part of Class members, lost business or business opportunities, the inability of their computers not be able to access these hard drives when they are plugged in, their expenditure of significant additional time and resources to either redress this defect from manifesting, purchasing recovery software or paying money to do so, and/or the costs for alternative drives or other monies expended in either redressing this defect or preventing such a potential from taking place.

52.     Plaintiff and the Class and/or their representatives have made or by this Complaint are making a demand to Defendants that they comply with these agreements and offer all appropriate remedies available under the law to Plaintiff and all affected Class members. Defendants so far have failed and/or refused to do so, necessitating this action.

## SECOND CAUSE OF ACTION

### Breach of Express Warranties

53.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint.

54.     Defendants, as the primary designer, manufacturer, marketer, distributor, and/or seller of the SanDisk Extreme Pro SSD portable solid-state hard drives, explicitly and expressly warranted through their advertising and product packaging and labeling that the SanDisk Extreme Pro SSD portable solid-state hard drives would perform in accordance with the basic function of devices, which would be to safely store data for later retrieval and that such data would not be deleted without notice or warning.

55.     Defendants also provided direct express warranties. According to these

written warranties, "SanDisk provides this limited warranty to the end user purchaser ("You"), that this product (the "Product"), excluding content and/ or software supplied with or on the Product, will be free from material defects in manufacture, will conform to SanDisk's published product specifications, and will be fit for normal use in accordance with published instructions during the Warranty Period specified in the table commencing on the date of purchase provided that the Product is legally placed on the market."[4]

56.     No reliance need be shown by Plaintiff or Class members on such express warranties in order to weave Defendants' affirmations of fact as to the defect-free features of the SanDisk Extreme Pro SSD portable solid-state hard drives into the fabric of the parties' agreement.

57.     These warranties were provided directly to Plaintiff and Class members. Defendants sold SanDisk Extreme Pro SSD portable solid-state hard directly through their websites and/or by linking directly from their websites to retailer sites for the purchase of these products, as well as through their authorized retailers for which Plaintiff and Class members were the intended beneficiaries and/or are warranties that by their terms are provided expressly to the end purchasers of these devices.

58.     As set forth above, Defendants breached such express warranties as these SanDisk Extreme Pro SSD portable solid-state hard drives fail to perform consistent with the level of their bargained for functions, are not free from material defects in manufacture, do not conform to the product's published product specifications in terms of the safe storage and retention of data, and are not fit for normal use.

59.     Plaintiff and Class members received drives that did not conform to these express warranties and were worth less than the SanDisk Extreme Pro SSD portable solid-state hard drives they were promised and reasonably expected to receive. In fact, based on this failure of their core functionality, they are altogether worthless.

---

[4] https://documents.westerndigital.com/content/dam/doc-library/en_us/assets/public/sandisk/collateral/warranty/Retail_Warranty_US_Current_Version_011615.pdf (last accessed Aug. 19, 2023)

CLASS ACTION COMPLAINT

60.    Making further demands to repair such goods or for an appropriate refund or replacement on behalf of Plaintiff and all Class members would be futile based on the policies, actions and inactions of Defendants where all they would provide Plaintiff or Class members is a potentially used replacement drive, and only if their drive has totally failed – offers they have failed to comply with. None of the stated exclusions for denying warranty coverage apply to this situation as no form of use would preclude Defendants from honoring their warranty obligations.

61.    Defendants have been previously placed on notice of these breaches of warranties. Defendants have failed to repair or replace the SanDisk Extreme Pro SSD portable solid-state hard drives with non-defective drives, voluntarily offer to take sufficient remedial measures that actually resolve this defect, or otherwise provide full and appropriate relief at no cost to Plaintiff and Class members within a reasonable period of time after discovering such breach and prior to the assertion of this claim in this action, including payment of all resulting damages.

62.    As a direct and proximate cause of Defendants' breach of express warranties, Plaintiff and Class members have been injured and harmed and suffered damages, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Breach of Implied Warranties of Merchantability and Fitness
### For Particular Purpose

63.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint.

64.    Defendants, as the designer, manufacturer, marketer, distributor, and/or seller of the SanDisk Extreme Pro SSD portable solid-state hard drives, provided implied warranties of merchantability and fitness for a particular purpose.

65.    Defendants breached the implied warranty of merchantability, which by law (including, *inter alia*, Cal. Comm. Code § 2314) is provided for the exclusive benefit of end users in connection with agreements for the sale of the SanDisk Extreme Pro SSD

portable solid-state hard drives, because: (a) the SanDisk Extreme Pro SSD portable solid-state hard drives could not pass without objection in the trade under the contract description in that they are missing a key promoted characteristic of the devices; (b) the SanDisk Extreme Pro SSD portable solid-state hard drives were not of fair average quality within the product description; (c) the SanDisk Extreme Pro SSD portable solid-state hard drives were not adequately advertised, packaged, and/or labeled as set forth above; or (d) the SanDisk Extreme Pro SSD portable solid-state hard drives did not conform to the promises or affirmations of fact made by Defendants.

66.    Plaintiff and Class members did not receive goods as impliedly warranted by Defendants to be "merchantable", as these SanDisk Extreme Pro SSD portable solid-state hard drives are missing a key characteristic that affected their core functionality – the ability to safely store, save and retrieve data without the potential such data would be wiped out or inaccessible without warning or any action taken by the user. This prevents these SanDisk Extreme Pro SSD portable solid-state hard drives from meeting a minimal level of quality and expected performance.

67.    In addition, and as a separate basis to assert a claim for breach of the implied warranty of merchantability, the failures set forth above constitute a latent defect that existed at time of purchase for the reasons described above that was undiscoverable at time of sale. If these defects were known the SanDisk Extreme Pro SSD portable solid-state hard drives would not measure up to the descriptions given by Defendants. This separately renders the SanDisk Extreme Pro SSD portable solid-state hard drives unmerchantable. As this was a latent defect that existed at time of purchase for the reasons described above, the implied warranty of merchantability was thus also breached by the existence of an unseen defect in these SanDisk Extreme Pro SSD portable solid-state hard drives at the time of sale, rather than upon its subsequent discovery. Such breach could not reasonably have been determined at time of sale.

68.    Defendants also breached the implied warranty of fitness for a particular purpose as provided by law, including, *inter alia,* Cal. Comm. Code § 2316. Plaintiff and

Class members purchased the SanDisk Extreme Pro SSD portable solid-state hard drives for a particular purpose (*i.e.*, safely storing and retrieving data, particularly video and photographic data that could not be replicated). Because of this particular purpose, which was specifically identified on Defendants' website as being a key characteristic of these devices, Plaintiff and Class members could be reasonably expected to rely upon Defendants' skill and judgment in properly providing SanDisk Extreme Pro SSD portable solid-state hard drives with these specific capabilities and furnish goods suitable for this particular purpose, and would have no reason to believe otherwise. As Plaintiff and other Class members would have no way to know of the true facts based on the design of the internal circuitry or firmware of the SanDisk Extreme Pro SSD portable solid-state hard drives, Defendants had reason to know that these buyers were relying on the skill and judgment of Defendants to furnish suitable goods that would satisfy this particular purpose.

69.     As the ability of storing and retrieving data without fear it would be deleted without warning represents a particular purpose and characteristic of the SanDisk Extreme Pro SSD portable solid-state hard drives, Defendants had reason to know of the particular purpose of these purchases, and that purchasers would be relying on their skill and judgment to ensure these SanDisk Extreme Pro SSD portable solid-state hard drives would perform consistent with their specified represented purpose.

70.     The SanDisk Extreme Pro SSD portable solid-state hard drives were not altered by Plaintiff or Class members prior to use.

71.     The SanDisk Extreme Pro SSD portable solid-state hard drives did not conform to these implied warranties when they left the exclusive control of Defendants.

72.     Defendants either were or should have been aware that the SanDisk Extreme Pro SSD portable solid-state hard drives would be purchased and used by Plaintiff and Class members without additional testing by them. In addition, Defendants either were or should have been aware that these devices could not perform as intended.

73.     Plaintiff and Class members did not receive these goods as impliedly

warranted, for the reasons set forth above.

74.    All conditions precedent to seeking liability for breach of these implied warranties have been performed by or on behalf of Plaintiff and Class members in terms of paying for the goods at issue and Defendants having been placed on reasonable notice of these breaches within a reasonable time after such breaches were discovered, and having been given an opportunity to cure these breaches as to Plaintiff and all Class members and provide compensation to them. Defendants have failed to repair or replace the SanDisk Extreme Pro SSD portable solid-state hard drives with non-defective products, voluntarily offered to take sufficient remedial measures, or otherwise provided appropriate and complete relief and payment of damages at no cost to Plaintiff and Class members.

75.    As a direct and proximate cause of Defendants' breaches of implied warranties, Plaintiff and Class members have been damaged, injured and harmed, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200, et seq.

76.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 75 of this Complaint, except those allegations seeking damages.

77.    Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' actions, as set forth above.

78.    Defendants' actions as alleged in this Complaint constitute "unfair" business practices within the meaning of California Business and Professions Code § 17200, et seq. Defendants' business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. Additionally, Defendants' conduct is "unfair" because Defendants' conduct violated legislatively declared policies not to engage in misleading and deceptive conduct.

79.    Defendants' actions as alleged in this Complaint also constitute "fraudulent" business practices and false and misleading advertising within the meaning of California Business and Professions Code § 17200 and 17500, et seq., as Defendants' business practices were and are likely to deceive the targeted audience, including Plaintiff and members of the Class, targeted by such statements and omissions of material fact and/or which were known, or which by the exercise of reasonable care should be known by Defendants, to be untrue or misleading. Defendants also misled consumers into believing that the SanDisk Extreme Pro SSD portable solid-state hard drives had capabilities to be safely store and retrieve data when, in fact, they did not. Defendants also failed to disclose material information to purchasers of the SanDisk Extreme Pro SSD portable solid-state hard drives by concealing the material fact that these devices do not or may not safely store data for later retrieval and that such data may be deleted without notice or warning, contrary to what was originally represented by Defendants or reasonably understood by Plaintiff and Class members.

80.    Defendants' actions as alleged in this Complaint also constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200, et seq., because they breached applicable agreements and express and implied warranties and violated California Civil Code § 1750, et seq., 15 U.S.C. § 2301, et seq., among other laws.

81.    As a result of Defendants' business practices, Plaintiff and members of the Class spent money on the SanDisk Extreme Pro SSD portable solid-state hard drives that they would not otherwise have spent at the amounts charged by Defendants, and did not receive the capabilities promised by Defendants as set forth above. They are thus entitled to restitution and/or restitutionary disgorgement based on the difference in the value of what they were promised – an operable portable solid-state hard drive that would save and permit them to retrieve stored data and would not fail without warning – and the value of what they received – an unreliable portable solid-state hard drive that they cannot rely on or trust and thus is effectively worthless to them.

CLASS ACTION COMPLAINT

82.    Defendants' business practices alleged herein constitute a continuing course of unfair competition.

83.    Plaintiff seeks an order for injunctive relief, requiring Defendants to make full restitutionary disgorgement and restitution of all monies wrongfully obtained from Plaintiff and the Class members, and all other relief permitted under Bus. & Prof. Code § 17200, et seq.

## FIFTH CAUSE OF ACTION

### Common Counts – Assumpsit, Restitution, Unjust Enrichment
### And/or Quasi-Contract

84.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint.

85.    This cause of action is alleged as an alternative to the claims for relief set forth in this Complaint based on breach of agreements and warranties, as permitted under Fed. R. Civ. Proc. 8(d)(2).

86.    Plaintiff and Class members plead just grounds for recovering money paid for benefits Defendants received, and have a right to restitution at law through an action derived from the common-law writ of assumpsit, by implying a contract at law based on principles of restitution and unjust enrichment, or through quasi-contract.

87.    Defendants, having been unjustly conferred a benefit by Plaintiff and Class members through acts of mistake, fraud or request as set forth above, and having received such benefits by encouraging Plaintiff and Class members to make such purchases using misleading statements and omitting material facts as set forth in detail above, are required to make restitution under principles of assumpsit. The circumstances here are such that, as between the two, it is unjust for Defendants to retain such a benefit based on the conduct described above. The measure of appropriate restitutionary damages is the full amount paid by Plaintiff and Class members as they did not get the exchange that they expected. The return of that benefit is the remedy typically sought for this cause of action, as such money or property belongs in good conscience to Plaintiff and Class members, and can be

traced to funds or property in Defendants' possession. Plaintiff and Class members have unjustly enriched Defendants through payments and the resulting profits enjoyed by Defendants as a direct result of payments for the SanDisk Extreme Pro SSD portable solid-state hard drives in question. Their detriment and Defendants' enrichment were related to and flowed from the conduct challenged in this Complaint.

88.     By virtue of the purchase and sale of these SanDisk Extreme Pro SSD portable solid-state hard drives, Defendants alternatively entered into a series of implied-at-law or quasi-contracts that resulted in a sum certain as stated above being had and received by Defendants, either directly or indirectly, at the expense of Plaintiff and Class members under agreements in assumpsit. Plaintiff and Class members conferred a benefit upon Defendants by purchasing such SanDisk Extreme Pro SSD portable solid-state hard drives. As set forth above, Plaintiff paid sum certain of $1,399. 50 plus tax for the SanDisk Extreme Pro SSD portable solid-state hard drives in question to authorized retailers of Defendants for which Defendants received direct compensation. Defendants had knowledge of the general receipt of such benefits, which Defendants received, accepted, and retained. Defendants owe Plaintiff this specific amount, and Class members similar specific sums that can be obtained either directly from Class members, Defendants or their authorized retailers.

89.     Under principles of restitution recognized as a separate cause of action under California law, an entity that has been unjustly enriched at the expense of another by the retention of a benefit wrongfully obtained is required to make restitution to the other. In addition, under common law principles recognized in claims of common counts (assumpsit, unjust enrichment, restitution, and/or quasi-contract), under the circumstances alleged herein it would be inequitable for Defendants to retain such benefits without paying restitution or restitutionary damages. Such principles require Defendants to return such benefits when the retention of such benefits would unjustly enrich Defendants. They should not be permitted to retain the benefits conferred by Plaintiff and Class members via payments for these SanDisk Extreme Pro SSD portable solid-state hard drives. Other

CLASS ACTION COMPLAINT

remedies and claims may not permit them to obtain such relief, otherwise leaving them without an adequate remedy at law. Plaintiff and Class members seek appropriate monetary relief for sums certain as is permitted by law for such claims.

90.    In addition, under principles of unjust enrichment that is recognized as a separate cause of action, pursuant to California Civil Code § 2224, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Based on the facts and circumstances alleged above, in order to prevent unjust enrichment and to prevent Defendants from taking advantage of their own wrongdoing, Plaintiff and Class members are further entitled to the payment of all amounts by which Defendants were unjustly enriched and establishment of a constructive trust, in a sum certain, of all monies charged and collected or retained by Defendants for the products at issue from which Plaintiff and Class members may seek restitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, requests that the Court order the following relief and enter judgment against Defendants as follows as applicable for the particular cause of action:

1.    An Order certifying the proposed Class and appointing Plaintiff and counsel listed below to represent the Class;

2.    An Order for injunctive relief including preventing Defendants from continuing the practices as set forth herein and engaging in a corrective advertising campaign and recall;

3.    A judgment awarding Plaintiff and the Class refunds, restitution and/or restitutionary disgorgement in an amount according to proof;

4.    A judgment awarding Plaintiffs and the Class actual, compensatory, general, special, and/or statutory damages to the extent permitted in the above Causes of Action in an amount according to proof;

CLASS ACTION COMPLAINT

5.     An order awarding attorneys' fees and costs incurred in prosecuting this action pursuant to, *inter alia,* Cal. Code of Civ. Proc. § 1021.5; and the private Attorney General, common fund and substantial or public benefit theories of recovery;

6.     An order awarding pre-judgment and post-judgment interest; and

7.     All other relief that the Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial of this action by a jury on all claims so triable.

DATED: August 22, 2023          WHATLEY KALLAS, LLP

By: _____
Alan M. Mansfield, SBN: 125998
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Phone: (619) 308-5034
Email: amansfield@whatleykallas.com

*Attorney for Plaintiff*